IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA MALONE, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ENTERPRISE LEASING COMPANY OF ) <br> CHICAGO, LLC, and VOLKSWAGEN ) <br> GROUP OF AMERICA, INC. ) <br> ) <br> Defendant. ) | Civil Action No. 15-cv-5183 <br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Enterprise Leasing Company of Chicago, LLC ("Enterprise") removes this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Enterprise states as follows:

1. On or about May 11, 2015, Plaintiff filed a complaint ("Complaint") captioned *Amanda Malone v. Enterprise Leasing Company of Chicago, LLC and Volkswagen Group of America, Inc.,* Case No. 2015-L-004822, in the Circuit Court of Cook County, Illinois. In this products liability and negligence lawsuit, Plaintiff alleges that she sustained injuries as the result of a defective door on automobile manufactured by Defendant Volkswagen Group of America, Inc. ("Volkswagen") and rented to her by Defendant Enterprise. Complaint, ¶ 13.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all papers served on Enterprise is attached hereto as Exhibit A.

1

3. Enterprise was served with the Complaint in this action on May 13, 2015. *See* Exhibit A. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Circuit Court for Cook County, Illinois is located within the Northern District of Illinois, Eastern Division. 28 U.S.C. § 105(b)(1). Venue is thus proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

5. Defendant Volkswagen consents to removal of this action. *See* Exhibit B.

## DIVERSITY OF CITIZENSHIP EXISTS

6. Plaintiff alleges she is a citizen of the state of Illinois. *See* Complaint, ¶ 1.

7. Defendant Enterprise is a limited liability company organized under the laws of Delaware. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). *See also Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); B*elleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The sole member of Enterprise is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in St. Louis, Missouri. Thus, Enterprise is a citizen of the state of Missouri for diversity purposes.

8. Upon information and belief, Defendant Volkswagen Group of America, Inc. ("Volkswagen") is a New Jersey corporation with its principal place of business located in Virginia. *See* Complaint, ¶ 3.

9. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the parties and no defendant is a citizen of Illinois.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

10. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11. In accordance with Illinois law, *see* 735 ILCS § 5/2-604, plaintiffs' complaint does not allege a specific dollar amount plaintiffs are seeking in damages, but instead indicates that "the total of money damages for each claim sought exceeds $50,000.00." *See* Complaint at pp. 4, 6. Where a state permits recovery above the amount demanded, removal of an action is proper if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B). Moreover, the jurisdictional minimum for removal is satisfied when it is "obvious from a common-sense reading of the complaint that" plaintiff is "seeking in excess of $75,000 in damages." *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). This "common-sense" test is satisfied in personal injury cases "when plaintiffs allege serious, permanent injuries and significant medical expenses." *Id.* at 941. *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (Posner, J.) (holding that jurisdictional minimum for removal was satisfied in prescription drug product liability case where plaintiff's complaint alleged a "litany of injuries," including "thromboembolic events"); *Sandage v. Cottrell, Inc.*, No. 05-720, 2006 WL 2710647, at *3 (S.D.Ill. Sept. 20, 2006) (finding amount-in-controversy satisfied in product liability suit alleging personal injury where plaintiff "alleges that he has

3

suffered and will continue to suffer severe and permanent injuries to his neck and right shoulder" and his "wife … seeks damages for purportedly having lost [plaintiff's] support and services") ("These damages, if proven, almost certainly will exceed $75,000 and Plaintiffs do not contest this fact. Accordingly, the Court finds that the amount in controversy is satisfied"); *Kancewick v. Howard*, No. 08 C 229, 2008 WL 4542970, *3 (N.D. Ill. April 3, 2008) (holding that jurisdictional minimum for removal was satisfied where complaint in auto tort case alleged plaintiff "suffered severe and permanent injuries of a personal and pecuniary nature").

12. It is obvious from the complaint that Plaintiff alleges damages in excess of $75,000. Paragraph 19 of the Complaint alleges that Plaintiff, among other things, "suffered diverse injuries, both internally and externally, of a permanent and lasting nature"; "was caused to expend and in the future will be compelled to expend, large sums of money for medical care"; and "was caused to and in the future will lose much time from her employment, thereby incurring losses of large sums of money." Plainly, plaintiff alleges permanent and significant medical expenses, as well as lost earnings.

13. Additionally, Plaintiff's attorney submitted a settlement letter to Enterprise claiming that Plaintiff's medical expenses to date totaled $86,473.24. *See* Exhibit C. Because Plaintiff's medical expenses alone allegedly exceed $75,000, it is apparent that the amount-in-controversy exceeds $75,000.

**REMOVAL JURISDICTION**

14. This action involves a controversy wholly between citizens of different states and the value of the matter in dispute in said cause exceeds the sum of $75,000.00, exclusive of interest and costs, as appears from the allegations contained in Plaintiffs' Complaint.

4

Accordingly, this action is one over which the District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and being filed with the Circuit Court of Cook County, Illinois.

**WHEREFORE**, Enterprise Leasing Company of Chicago, LLC hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

**BRYAN CAVE LLP**

By: */s/ Lauren J. Caisman*
Bettina J. Strauss
bjstrauss@bryancave.com
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

Lauren J. Caisman
lauren.caisman@bryancave.com
161 North Clark Street, Suite 4300
Chicago, IL 60601
(312) 602-5000 (telephone)
(312) 602-5050 (facsimile)

*Attorneys for Enterprise Leasing Company of Chicago, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid on the following on this 12th day of June, 2015.

Jason H. Sherwood
SHERWOOD LAW GROUP, LLC
218 N. Jefferson, Suite #401
Chicago, Illinois 60661
Phone: (312) 627-1650
Fax: (312) 648-9503
*Attorney for Plaintiff*

James K. Toohey
JOHNSON & BELL, LTD.
33 West Monroe St., Suite 2700
Chicago, IL 60603
tooheyj@jbltd.com
(312) 372-0770 (telephone)
(312) 372-9818 (facsimile)
*Attorneys for Volkswagen Group of America, Inc.*

                                                  */s/ Lauren J. Caisman*